Beer, J.
On the 4th day of December, 1870, Orlando Evans, trustee of Dick E. Arrowsmith, filed his petition in the court of common pleas of this county, against Edward H. Gleason and Henry Hardy, upon a guardian’s bond executed by Gleason as principal and Hardy as surety, in which bond they agreed that Gleason would, as guardian, conduct himself in all respects according to law. The petition alleges certain breaches, and prays for a judgment on the bond.
The defendant, Hardy, answered the petition, or amended petition, setting up several defenses, to all of which the plaintiff demurred. The court overruled the demurrer, and the plaintiff excepted to the ruling of the court overruling the demurrer. At the May term, 1880, the cause was heard upon the pleadings and evidence, a jury being waived, and the court found on the issues joined for the defendant, Hardy, and rendered judgment in his favor for costs.
The plaintiff, Orlando Evans, excepted, and on the 1st day of November, 1884, Dick E. Arrowsmith, the present plaintiff *346 in error, filed his petition in error in the district court of this county, in which he alleges that since the rendition of the judgment, to-wit, on October 29th, 1883, he attained his majority, and presents this petition in error in his own right, alleging that the court erred in overruling the demurrer and rendering judgment in favor of the defendant Hardy. Hardy moved the court to dismiss the proceedings in error for the reasons following : That Dick E. Arrowsmith was not a party to the record in the court below; second, that the petition in error was not filed within two years after the judgment was rendered; third, the petition in error was not filed within four years after the rendition of the judgment.
Newbegin and Kingsbury, for plaintiff in error.
Q. H. Scribner and Henry Hardy, for defendant in error.
Section 6723 of the code, which was in force at the time of the rendition of this judgment in the court of common pleas, provides that no proceeding to vacate a final order shall be commenced unless within two years after the making of the final order, or in case the person who is entitled to such proceeding is an infant, within two years, as aforesaid, exclusive of the time of such disability. At the time the final judgment was rendered, the person entitled to commence the proceeding in error was the trustee. There can be no question but that the statute commenced to run against the trustee as soon as judgment was rendered (16 Ohio St., 417). Having commenced to run, it continued to run. The infancy of the plaintiff in error does not prevent the operation of the statute. This action in the court below was an action at law between the trustee and the defendants. It was not an action by the trustee against the guardian to compel the execution of a trust, but was, so far as the plaintiff in error is concerned, an action at law between the trustee and a stranger. The trustee was the plaintiff below, and he was the person entitled to the proceeding, and before the present plaintiff in error attained his majority, the action was barred as to the trustee; and the trustee being barred, the cestui que trust is also barred.
Motion sustained.